Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Raúl Alicea Nieves, Sonia M. Colón Cabrera y otros<br><br>Demandante-Peticionarios<br><br>vs.<br><br>Municipio Aut. de José A. Santiago Rivera, Alcalde Mun. de Comerío, en su carácter oficial; y otros<br><br>Demandados | TA2025CE00790 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Orocovis<br><br>Civil Núm.: CR2021CV00020 |
| Raúl Alicea Nieves, Sonia M. Colón Cabrera y otros<br><br>Demandante-Peticionarios<br><br>vs.<br><br>Ana M. Ríos Cruz, en su carácter personal; Fulanos de Tal A, B, C y otros<br><br>Demandados-Recurridos | | Sobre:<br><br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de noviembre de 2025.

Comparece la señora Ana M. Ríos Cruz (Sra. Ríos Cruz o peticionaria) mediante un recurso de *Certiorari*, quien nos solicita la revisión de una Minuta emitida el 20 de octubre de 2025[1] por el Tribunal de Primera Instancia, Sala Superior de Orocovis (TPI o foro primario). Mediante el referido dictamen, el foro primario estableció que la presentación de una petición de auxilio de jurisdicción no paraliza los procedimientos ante el TPI. No

---

[1] Notificada el 24 de octubre de 2025.

obstante, determinó que, una vez el Tribunal de Apelaciones resuelva la controversia jurisdiccional presentada, procedería a señalar una vista de *status*.

Luego de evaluar el recurso presentado por la peticionaria, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari*, mediante los fundamentos que expondremos a continuación.

**I.**

El caso de autos tuvo su génesis el 25 de enero de 2021, cuando el señor Raúl Alicea Nieves (Sr. Alicea Nieves o recurrido) presentó una Demanda (CR2021CV00020) sobre daños y perjuicios en contra de la Sra. Ríos Cruz, en su carácter oficial, y el Municipio de Comerío. Alegó que, el 17 de enero de 2020, la peticionaria, quien es policía municipal, presentó una Querella en su contra por hechos de hostigamiento sexual. Según expuso el recurrido, como resultado de este proceso, fue desarmado y separado de sus funciones como sargento adscrito a la Policía Municipal de Comerio. Indicó que, luego de los trámites administrativos pertinentes, la Querella se desestimó por la existencia de contradicciones y omisiones. A raíz de tales hechos, el recurrido solicitó una suma no menor de $150,000.00 en concepto de salarios dejados de devengar y angustias mentales derivadas de los daños y perjuicios experimentados.

Posteriormente, el 12 de julio de 2021, la Sra. Ríos Cruz presentó una Moción Asumiendo Representación Legal y Moción de

Desestimación. En síntesis, señaló que el tribunal recurrido carece de jurisdicción, toda vez que no se emplazó a su cónyuge, el señor Iván Rivera Hernández (Sr. Rivera Hernández), por sí y en representación de la Sociedad Legal de Bienes Gananciales compuesta por ambos.

Consecuentemente, el 11 de agosto de 2021, el TPI emitió una Sentencia Parcial, en la cual desestimó el caso contra la Sra. Ríos Cruz por falta de parte indispensable. Además, ordenó el archivo del caso sin perjuicio.[2]

Así las cosas, el 22 de febrero de 2022, el Sr. Alicea Nieves presentó un segundo pleito (CR2022CV00029) en contra de la Sra. Ríos Cruz, en su carácter personal, el Sr. Rivera Hernández y la Sociedad Legal de Bienes Gananciales compuesta por ambos, amparado en los hechos alegados anteriormente. De igual manera, solicitó la consolidación de este nuevo pleito con el caso CR2021CV00020.

No obstante, la peticionaria presentó nuevamente una Moción de Desestimación por Falta de Jurisdicción sobre la Persona. En vista de ello, el 15 de junio de 2023, el TPI dictó Sentencia Parcial[3], en la cual desestimó con perjuicio de la reclamación (CR2022CV00029) incoada en contra del Sr. Rivera Hernández y la Sociedad Legal de Bienes Gananciales, por falta de emplazamientos.[4]

En consecuencia, los procedimientos judiciales continuaron ventilándose en contra de la Sra. Ríos Cruz en su carácter personal. No obstante, el 8 de septiembre de 2023, la peticionaria solicitó, de nuevo, que se desestimara la causa de acción instada

---

[2] **Cabe señalar que, el caso continuó activo en contra de las demás partes demandadas.**

[3] Notificada el 15 de junio de 2023.

[4] **Es menester señalar que, el Sr. Alicea Nieves recurrió ante este Tribunal de Apelaciones en el caso KLAN202300614. Tras revisar detenidamente el expediente ante nuestra consideración, confirmamos la actuación del foro primario, en virtud de la Sentencia dictada el 31 de julio de 2023**.

en su contra, toda vez que no se acumularon como partes indispensables a su cónyuge ni a la Sociedad de Bienes Gananciales. Examinada su argumentación, el 12 de septiembre de 2023, el TPI emitió una Sentencia Parcial[5] en la cual desestimó con perjuicio la Demanda instada contra la Sra. Cruz Ríos.

Sin embargo, el 29 de septiembre de 2023, el Sr. Alicea Nieves oportunamente presentó una Moción en Solicitud de Reconsideración de Sentencia Parcial. En esencia, argumentó que la Sra. Ríos Cruz responde en el litigio presente en su carácter personal, por lo que, deberá presentar prueba para demostrar que todos sus bienes son de naturaleza ganancial.

**Evaluados tales argumentos, el 3 de octubre de 2023, el TPI declaró Con Lugar la solicitud de reconsideración, y dejó sin efecto la Sentencia Parcial emitida el 12 de septiembre de 2023. Por lo que, ordenó que las partes llevaran a cabo el descubrimiento de prueba para dilucidar si la Sra. Ríos Cruz posee bienes privativos que le permitan responder judicialmente, si ese fuera el caso.**

Con posterioridad, el 28 de agosto de 2024, el foro primario celebró una Vista de Estado de los Procedimientos, según consta en la Minuta, notificada el 30 de agosto de 2024. En esa ocasión, la Sra. Ríos Cruz, por conducto de su representación legal, planteó que aún subsiste una controversia jurisdiccional. Tras escuchar sus argumentos, el foro primario decretó que las partes presentaran sus escritos a tales efectos.

Consecuentemente, el 5 de septiembre de 2024, la Sra. Ríos Cruz sometió una Moción Informativa y en Cumplimiento de Orden. Reiteró que el foro primario desestimó la demanda instada en el caso CR2022CV00029 que incluían como partes demandadas a la peticionaria, su cónyuge y la Sociedad Legal de Bienes

---

[5] Notificada el 14 de septiembre de 2023.

Gananciales. Por tal razón, sostuvo que, también, procede la desestimación del caso CR2021CV00020, toda vez que no se incluyeron a dichas personas como partes indispensables.

En respuesta, el 20 de septiembre de 2024, el Sr. Alicea Nieves radicó una Moción en Oposición a Solicitud de Desestimación, en la cual arguyó que resulta improcedente la desestimación de la causa de acción incoada contra la Sra. Ríos Cruz, en su carácter personal, pues esta no ha demostrado que carece de bienes privativos, ni ha presentado una certificación negativa de capitulaciones.

Levantados tales argumentos, el 24 de septiembre de 2024, la peticionaria interpuso una Moción en Réplica a Oposición de Desestimación y Aclarativa, mediante la cual recalcó que, el tribunal no tiene jurisdicción de todas las partes, puesto que el Sr. Rivera Hernández y la Sociedad Legal de Bienes Gananciales no han sido emplazados. Según su postura, tal defecto impide que dichas personas defiendan adecuadamente sus bienes de naturaleza ganancial, lo cual, a su vez, incide en su debido proceso de ley.

Luego de varios tramites procesales, el 11 de agosto de 2025, el TPI emitió una Resolución Interlocutoria[6] mediante la cual declaró No Ha Lugar a la Solicitud de Desestimación. **A su vez, ordenó, por una segunda ocasión, el descubrimiento de prueba dirigido a la peticionaria, a los fines de dilucidar si esta posee bienes privativos para responder en la Demanda, si fuese necesario.**

Más adelante, el 16 de octubre de 2025, el foro primario celebró una Vista de *Status*, según consta en la Minuta, notificada el 24 de octubre de 2025. Durante la celebración de este procedimiento, la peticionaria, por conducto de su representante

---

[6] Notificada el 12 de septiembre de 2025.

legal, expuso un recuento procesal pertinente a su argumento de ausencia de jurisdicción:

> *El licenciado Rechani Gil De Lamadrid, indica que llevan desde el año 2021 pero este caso ha sido desestimado tres veces la primera vez en el 2022 por falta de parte indispensable fue lo que se determinó originalmente en el 2022 o 2023 después se hace una radicación nueva y esa radicación nueva se desestimó la primera vez por el término. El Tribunal Apelativo decide que no y se envía nuevamente al Tribunal de Primera Instancia y luego se desestima por lo mismo parte indispensable y hay es que se consolida el caso.*[7]

Asimismo, la Sra. Ríos Cruz informó al TPI el siguiente asunto referente al trámite apelativo:

> *El licenciado Rechani Gil De Lamadrid, expresa se radic[ó] la moción en auxilio de jurisdicción referente a la sentencia que tenemos en el Tribunal Apelativo el caso fue consolidado con el caso CR2022CV00029 donde ya existía la sentencia. Se hicieron los escritos correspondientes no tenemos una resolución de hechos y derechos en donde nos deje saber el Tribunal, la razón por la cual mantiene jurisdicción de la parte codemandada en el aspecto personal. Manifiesta el licenciado Rechani Gil De Lamadrid, entendió tenía que solicitar el auxilio al Tribunal. La sentencia es del 31 de julio de 2023 se dio luego de la consolidación. Indica que el Tribunal Apelativo nos solicitó que presentáramos en el caso CR2021CV00020 el recurso nuevamente con la misma moción de solicitud en auxilio de jurisdicción para entonces ellos subir el expediente. **Se presentó el recurso en casos apartes como si fuese un recurso nuevo**.*[8] (Énfasis nuestro).

A su vez, la peticionaria argumentó que considera que el descubrimiento de prueba requerido es sumamente amplio, pues le solicitan información relacionada con el estado de cuenta de su cónyuge. Agregó, además, que todos sus bienes son gananciales. **Ante tal información, el foro primario estableció que la presentación de una moción de auxilio de jurisdicción no paraliza los procedimientos ante el TPI. No obstante, determinó que, una vez el Tribunal de Apelaciones resuelva la controversia jurisdiccional presentada por la peticionaria, señalaría una vista de *status*.** En consecuencia, señaló una vista

---

[7] Véase, Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada 80, a la pág. 2.
[8] Véase, SUMAC TPI, Entrada 80, a la pág. 1.

de seguimiento para el 10 de noviembre de 2025. No obstante, tras una prórroga peticionada por la Sra. Ríos Cruz, el TPI emitió una Orden, en la cual recalendarizó la vista de seguimiento para el 21 de noviembre de 2025.

Inconforme, el 20 de noviembre de 2025, la Sra. Ríos Cruz recurrió ante nos mediante un recurso de *Certiorari*, en el cual esbozó los siguientes señalamientos de error:

> *Erró el Honorable Tribunal de Primera Instancia al mantener Jurisdicción de la Persona de la Sra. Ana Ríos cuando ya el Tribunal Apelativo desestimó el Recurso bajo el caso CR2022CV00029.*

> *Erró el Honorable Tribunal de Primera Instancia al Dejar sin efecto una Resolución del Tribunal Apelativo que nunca fue recurrida al Tribunal Supremo de Puerto Rico y advino final y firme desestimando la acción en contra de la Sra. Ana Ríos.*

A su vez, la peticionaria radicó una Moción en Auxilio de Jurisdicción, en la cual peticionó la paralización de los procedimientos ante el foro primario, a los fines de que se atienda con carácter de urgencia la controversia jurisdiccional. No obstante, en dicha moción no notificó a este Tribunal de Apelaciones que el 21 de noviembre de 2025, el foro primario celebraría una vista de *status*.

## II.

### A.

Es norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y

adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención de este Tribunal de Apelaciones para atender ciertas determinaciones interlocutorias:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, o (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a e R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal</u> *civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción en virtud de la Regla 52.1 de Procedimiento Civil, *supra,* la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). En armonía con lo

anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> *C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra*, a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase,

además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**III.**

Surge del expediente ante nos, que el 11 de agosto de 2025, el TPI emitió una Resolución Interlocutoria[9], mediante la cual declaró No Ha Lugar a la Solicitud de Desestimación presentada por la parte peticionaria. En consecuencia, decretó la celebración del descubrimiento de prueba dirigido a la Sra. Ríos Cruz, a los fines de dilucidar si esta posee bienes privativos para responder judicialmente, en caso de que esta no prevalezca en el litigio.

Con posterioridad, 16 de octubre de 2025, el foro primario celebró una Vista de *Status*, según consta en la Minuta recurrida. Durante este procedimiento, la peticionaria argumentó que considera que el descubrimiento de prueba requerido es sumamente amplio, e informó al TPI respecto la presentación de un recurso a nivel apelativo. Ante tal contexto, el foro primario estableció que la presentación de una moción de auxilio de jurisdicción no paraliza los procedimientos ante el TPI. No obstaste, determinó que, una vez el Tribunal de Apelaciones resolviera la controversia presentada por la peticionaria, procedería a señalar una vista de *status*.[10]

Inconforme con tal determinación, el 20 de noviembre de 2025, la peticionaria recurrió ante este Tribunal de Apelaciones mediante un recurso de *Certiorari*. A su vez, presentó ante nos una Moción de Auxilio de Jurisdicción, en la cual se limitó a expresar que el TPI no ha dictado una determinación fundamentada en derecho para justificar su jurisdicción sobre la Sra. Ríos Cruz. Por lo que, razonó que procede la paralización de

---

[9] Notificada el 12 de septiembre de 2025.

[10] **En consecuencia, durante ese día, el foro primario señaló una vista de status para el 10 de noviembre de 2025. No obstante, tras una prórroga peticionada por la Sra. Ríos Cruz, el TPI emitió una Orden, en la cual recalendarizó la vista de seguimiento para el 21 de noviembre de 2025.**

los procedimientos ante el TPI.  No obstante, en dicha moción no notificó que el foro primario celebraría una vista de *status* el 21 de noviembre de 2025.

Luego de examinar sosegadamente el expediente ante nuestra consideración, no encontramos los criterios jurídicos contemplados en la Regla 40 del Tribunal de Apelaciones, *supra*, que nos permitan expedir el recurso discrecional presentado por los peticionarios.  Nada en el expediente judicial devela indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto por parte del foro primario. En virtud de lo anterior, denegamos expedir el recurso de *Certiorari* peticionado, toda vez que no se cumplen criterios exigidos para activar nuestra facultad revisora discrecional, según los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, *supra*.

### IV.

Por los fundamentos que anteceden, los que hacemos formar parte de esta Resolución, denegamos la expedición del auto de *Certiorari* solicitado por la Sra. Ana Ríos Cruz.  En vista de lo anterior, declaramos No Ha Lugar la Solicitud de Auxilio de Jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones